UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
NORTHWEST ADMINISTRATORS, INC.,     )
                                    )   Case No. C10-0448RSL
            Plaintiff,              )
      v.                            )
                                    )   ORDER GRANTING PLAINTIFF'S
KITSAP READY MIX, INC.,             )   MOTION FOR SUMMARY
                                    )   JUDGMENT
            Defendant.              )
_____)

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment." Dkt. # 16. Plaintiff seeks an order compelling defendant to pay unfunded vested benefits in the Western Conference of Teamsters Pension Plan. Defendant argues that this dispute should be arbitrated, that a factual issue regarding withdrawal exists, and that plaintiff is attempting to recover the same funds in two different venues. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

On November 6, 2009, the Western Conference of Teamsters Pension Trust Fund ("Trust Fund") notified defendant and its sister company, Fred Hill Materials, that they were delinquent in their contributions to the Trust Fund, that their participation in the Trust would be terminated effective November 13, 2009, and that they remained liable for their employees' unfunded vested benefits. Pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1381 *et seq*., the Trust Fund determined that defendant's

withdrawal liability totaled $1,850,774.23. Because defendant and Fred Hill Materials are controlled by the same entities, the liability assessed against defendant represents the amount owed by both companies at the time of the assessment. 29 U.S.C. § 1301(b)(1).

As was its right under § 1399(b)(2)(A) of the MPPAA, defendant requested reconsideration and further review of the assessment. The Trust Fund responded on February 16, 2010, explaining why the Trust Fund had concluded that a withdrawal had occurred, that defendant was liable for Fred Hill Materials' unfunded benefits, and that $1,850,774.23 was the proper assessment. The Trust Fund filed this lawsuit on March 17, 2010, seeking collection of the unpaid assessment. Defendant did not request arbitration of this dispute pursuant to 29 U.S.C. § 1401 until it filed its response to plaintiff's motion for summary judgment on September 27, 2010.

Defendant raises a number of objections to the assessment and the Trust Fund's attempts to collect under the MPPAA, but it does not cite a single case in support of its interpretation of the governing statute. By failing to initiate arbitration within the sixty-day period set forth in § 1401(a)(1), defendant waived any defenses or objections that could have and should have been resolved by the arbitrator, including the existence of a withdrawal and the determination of liability. Teamsters Pension Trust Fund - Bd. of Trustees of W. Conference v. Allyn Transp. Co., 832 F.2d 502, 505-06 (9th Cir. 1987). Because no arbitration proceeding was initiated pursuant to § 1401(a)(1), the amounts demanded by the Trust Fund plan sponsor became due and owing, and plaintiff was entitled to bring a collection action in federal court. 29 U.S.C. § 1401(b)(1).

The fact that Fred Hill Materials is in bankruptcy proceedings does not alter defendant's joint and several liability under the MPPAA or otherwise bar a collection action against this entity. Bd. of Trustees of W. Conference of Teamsters Pension Trust Fund v. Lafrenz, 837 F.2d 892, 893-94 (9th Cir. 1988); I.A.M. Nat. Pension Fund v. Slyman Indus., Inc., 901 F.2d 127, 129 (D.C. Cir. 1990). Plaintiff may not, of course, recover twice for the same

liability, but there is no evidence that plaintiff has obtained any funds related to the unfunded vested benefits from Fred Hill Materials' bankruptcy estate.

For all of the foregoing reasons, the Court GRANTS plaintiff's motion for summary judgment. Defendant is liable for the assessed withdrawal liability of $1,850,774.23, plus liquidated damages in the amount of $370,154.85.[1] Plaintiff shall, within seven days of the date of this Order, provide a statement and/or declaration supporting an award of interest, attorney's fees, and costs. Defendant's response, if any, shall be filed on or before November 19, 2010. The Clerk of Court is directed to note an "Award of Fees" on the Court's calendar for November 19, 2010.

DATED this 5th day of November, 2010.

*signature*

Robert S. Lasnik
United States District Judge

---

[1] Defendant does not dispute that, as a party to the Employer-Union Pension Certificate, it agreed to pay liquidated damages equal to twenty percent of all delinquent contributions to the Trust Fund, together with interest, attorney's fees, and costs.